UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SENOJA V. MADISON-HAMIM,

　　Plaintiff,

　　v.

TIME LIFE LIBRARIES, INC., *et al.*,

　　Defendants.

Case No. C04-2418L

ORDER GRANTING MOTION TO DISMISS AND MOTIONS FOR SANCTIONS; ORDER TO SHOW CAUSE

　　This matter comes before the Court on a motion to dismiss for failure to state a claim filed by defendants American Arbitration Association ("AAA"), William Slate II ("Slate"), and Mills Meyers Swartling P.S.C. ("MMS") (collectively, the "Arbitration Defendants") (Dkt. #13). The Arbitration Defendants contend that plaintiff's claims are barred by the doctrine of *res judicata*, or in the alternative, should be dismissed because the Arbitration Defendants are entitled to arbitral immunity. Both the Arbitration Defendants and another group of defendants in this case have moved for the imposition of sanctions against plaintiff based on her repeated filing of the same claims against them. (Dkt. ## 20, 26). For purposes of judicial economy, the Court considers the three motions together, along with plaintiff's motion, contained in her response to the motion for sanctions, to join another defendant. (Dkt. #31).

ORDER GRANTING MOTION TO
DISMISS AND MOTIONS FOR SANCTIONS;
ORDER TO SHOW CAUSE - 1

**A.     Motion to Dismiss.**

Plaintiff alleges that she was discriminated against based on her race during her employment with Time-Life Libraries, Inc. The dispute was submitted to arbitration, and the arbitrator ultimately dismissed all of plaintiff's claims with prejudice. The Arbitration Defendants' only role in the dispute was in connection with that arbitration. AAA is the entity that conducted the arbitration, Slate was AAA's president, and MMS is the law firm in which the arbitrator is a principal and the arbitration hearings were held.

This action is the third lawsuit plaintiff has filed regarding her employment discrimination claim and the subsequent arbitration. In the first lawsuit, the court found that the complaint was deficient, gave plaintiff thirty days to amend, and ultimately dismissed for failure to prosecute after plaintiff failed to amend. See Madison-Hamim v. Time Life Libraries, Inc., *et al.*, Case No. C03-335R (W.D. Wash. 2003). Plaintiff filed a second lawsuit, again naming the Arbitration Defendants, in January 2004. See Madison-Hamim v. Time Life Libraries, Inc., *et al.*, Case No. C04-164R (W.D. Wash. 2004). The Arbitration Defendants filed a motion for summary judgment and for failure to state a claim, requesting that the claims against them be dismissed based on the principles of arbitral immunity and the specific language of the controlling arbitration rules. On September 28, 2004, the court granted the Arbitration Defendants' motion for summary judgment and subsequently granted the remaining defendants' motion to dismiss for insufficiency of service. In the current action, plaintiff alleges nearly identical causes of action as previously asserted.

Plaintiff has not responded to the motion to dismiss[1] or presented any arguments or evidence to defeat the application of *res judicata* or arbitral immunity. The Court finds that plaintiff's claims against the Arbitration Defendants are barred by the doctrine of *res judicata*

---

[1] To the extent that plaintiff's Motion for Enforcement of Criminal Contempt Charges and Obstructing of Justice could be construed as relating to defendants' pending motions to dismiss and for sanctions, the Court has considered it when ruling on the motions.

ORDER GRANTING MOTION TO
DISMISS AND MOTIONS FOR SANCTIONS;
ORDER TO SHOW CAUSE - 2

1 and the Arbitration Defendants are entitled to arbitral immunity regarding all of plaintiff's
2 claims. Accordingly, the Arbitration Defendants' motion to dismiss for failure to state a claim is
3 GRANTED (Dkt. #13).

**B.     Motions for Sanctions.**

      **1.     The Arbitration Defendants' Request for Sanctions.**

6       The Arbitration Defendants have also moved for the imposition of sanctions against
7 plaintiff pursuant to Fed. R. Civ. P. 11. The Arbitration Defendants argue that the following
8 facts support an award of sanctions: this is the third complaint plaintiff has filed against the
9 Arbitration Defendants, all encompassing the same claims; the other two complaints were
10 dismissed; the most recent complaint was dismissed with prejudice; the Arbitration Defendants
11 sent plaintiff a letter shortly after she filed this complaint with a proposed stipulation of
12 dismissal explaining that her attempted service of process was ineffective, and the claims against
13 the moving defendants were barred by *res judicata*; the Arbitration Defendants sent plaintiff a
14 second letter with a proposed stipulation of dismissal, explaining *res judicata*, providing relevant
15 cases, and explaining that her actions were sanctionable; plaintiff did not respond to either letter
16 or stipulate to a dismissal.

17       Pursuant to Fed. R. Civ. P. 11, sanctions may be imposed if the complaint is either (1) not
18 well grounded in fact and warranted by existing law (or a good faith extension of the law); or (2)
19 made for any improper purpose. See, e.g., Golden Eagle Distrib. Corp. v. Burroughs Corp., 809
20 F.2d 584, 586 (9th Cir. 1987). The Ninth Circuit has held that the imposition of sanctions is
21 appropriate "[w]hen a reasonable investigation would reveal that a claim is barred by res
22 judicata or collateral estoppel." Estate of Blue v. County of Los Angeles, 120 F.3d 982, 985
23 (9th Cir. 1997); see also Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (affirming
24 imposition of sanctions where second action involved the same parties and "transactional
25 nucleus of fact" as the first suit and sought "to relitigate issues that were conclusively resolved
26 in the prior suit"). In this case, plaintiff has alleged the same claims, and requested the same

27 ORDER GRANTING MOTION TO
DISMISS AND MOTIONS FOR SANCTIONS;
28 ORDER TO SHOW CAUSE - 3

relief, as she alleged against the Arbitration Defendants in her prior case, which the court dismissed with prejudice.

Plaintiff suggests that her *pro se* status weighs against the imposition of sanctions. However, plaintiff's status as a *pro se* litigant proceeding *in forma pauperis* does not defeat the motion for sanctions. Rule 11 explicitly applies to unrepresented parties. Moreover, imposing some sanctions on plaintiff is appropriate to accomplish Rule 11's goal of deterrence, a goal which dismissal alone has not achieved. See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) ("Rule 11's express goal is deterrence: IFP litigants, proceeding at the expense of taxpayers, need to be deterred from filing frivolous lawsuits as much as litigants who can afford to pay their own fees and costs").

Accordingly, the Arbitration Defendants' motion for sanctions pursuant to Rule 11 (Dkt. #26) is GRANTED. In light of plaintiff's *in forma pauperis* status and her representations in her application for the same, the Court declines to award an amount of sanctions to reflect the fees defendants expended. Instead, the Court imposes sanctions in the amount of $500.00, which plaintiff must pay to the Arbitration Defendants within sixty days of the date of this order. The Court finds that this amount is sufficient to achieve the goals of Rule 11, while preserving plaintiff's ability to pay for the necessities of life. Plaintiff is cautioned that the Court will revisit the amount of sanctions and will award additional sanctions if plaintiff re-files her claims against the Arbitration Defendants.

Finally, a review of the filings in this case and plaintiff's prior litigation suggests that she has committed litigation misconduct by filing numerous frivolous actions motivated by an improper purpose, namely harassment. Plaintiff's current complaint is plainly frivolous as she attempts to relitigate claims which were previously dismissed with prejudice. Plaintiff has ignored the court's prior order of dismissal, and continues to display a wanton and on-going disregard for the rules of the court. Accordingly, the Court ORDERS plaintiff to show cause, within fifteen days of the date of this order, why a bar order should not be entered against her

ORDER GRANTING MOTION TO
DISMISS AND MOTIONS FOR SANCTIONS;
ORDER TO SHOW CAUSE - 4

prohibiting her from relitigating, or attempting to relitigate, by commencing or filing, in any Federal Court, any future action, complaint, or cause of action against the Arbitration Defendants seeking adjudication of the factual and legal issues adjudicated and dismissed with prejudice in this action and/or in Madison-Hamim v. Time Life Libraries, Inc., *et al.*, Case No. C04-164R (W.D. Wash. 2004).

**2.  The Moving Defendants' Request for Sanctions.**

On May 19, 2005, the Court granted a motion to dismiss for failure to serve (the "Order) filed by defendants Time-Life Libraries, Inc.; AOL/Time Warner, Inc.; Time, Inc.; Pillsbury Winthrop LLP; Davis, Grumm, Payne, Marra, & Berry; and Elizabeth A. Lalik (collectively, the "moving defendants"). (Dkt. #23). The Court reserved ruling on the moving defendants' motion for sanctions, which was noted for consideration after the Court issued the Order, to allow plaintiff sufficient time to respond. (Dkt. #20). The moving defendants request that plaintiff be enjoined from bringing any further actions against them. However, since plaintiff's various complaints against them have all been dismissed without prejudice, a bar order is not appropriate at this time. Nevertheless, plaintiff is required to be familiar with the rules of the court, including those regarding service. After her complaints were dismissed twice for insufficiency of service, plaintiff was on notice that she was required to comply with the service rules, yet she again failed to properly serve the moving defendants in this action. Plaintiff's repeated failure to effect service has unreasonably multiplied the proceedings, imposed additional costs on defendants, and wasted judicial resources.

Accordingly, the Court, using its inherent powers and based on General Rule 3, GRANTS the moving defendants' motion for sanctions (Dkt. #20). For the reasons set forth above regarding the Arbitration Defendants, the Court awards sanctions to the moving defendants in the amount of $500.00. Plaintiff is not required to pay the sanctions to the moving defendants at this time. However, if she chooses to re-file her claims against the moving defendants, she must pay them the $500.00 in sanctions within ten days of re-filing.

ORDER GRANTING MOTION TO
DISMISS AND MOTIONS FOR SANCTIONS;
ORDER TO SHOW CAUSE - 5

### C. Motion to Join William Bailey.

Plaintiff included with her response to the Arbitration Defendants' motion for sanctions a "motion to join indispensable defendant C. William Bailey, Esq." (Dkt. #31). As with every other motion plaintiff has filed in this case, she did not note the motion for the Court's consideration as required by the Local Rules despite repeated reminders about the requirements. Denial of the motion is appropriate for that reason alone, as well as based on the lack of merit.

Plaintiff has not shown that Mr. Bailey is a necessary party, and she has not shown any reason for her six-month delay in attempting to add him as a party. Moreover, adding Mr. Bailey would be futile. Mr. Bailey served as the arbitrator in the relevant arbitration; accordingly, the claims against him would be subject to dismissal under the doctrine of arbitral immunity just like the claims against the other Arbitration Defendants. Furthermore, joinder under Fed. R. Civ. P. 20 and 21 would not be proper as the remaining defendants do not appear to have been involved in the arbitration proceeding. See, e.g., Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) (affirming denial of permissive joinder where claims did not share a common question of law or fact). For these reasons, plaintiff's motion to join Mr. Bailey (Dkt. #31) is DENIED.

### III. CONCLUSION

For all of the foregoing reasons, the Arbitration Defendants' motion to dismiss for failure to state a claim is GRANTED (Dkt. #13), and their motion for sanctions pursuant to Rule 11 (Dkt. #26) is GRANTED. The moving defendants' motion for sanctions (Dkt. #20) is GRANTED. Plaintiff's motion to join Mr. Bailey (Dkt. #31) is DENIED. Plaintiff is ordered to SHOW CAUSE, within fifteen days of the date of this order, why a bar order should not be entered against her as set forth above. The Clerk of Court is directed to place this show cause

order on the Court's calendar for consideration on July 15, 2005.

DATED this 17th day of June, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO
DISMISS AND MOTIONS FOR SANCTIONS;
ORDER TO SHOW CAUSE - 7