UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SENOJA V. MADISON-HAMIM,

    Plaintiff,

    v.

TIME LIFE LIBRARIES, INC., *et al.*,

    Defendants.

Case No. C04-2418L

ORDER OF DISMISSAL AND
ENJOINING FUTURE FILINGS

Plaintiff Senoja Madison-Hamim is proceeding *pro se* in the above-captioned matter. This action is the third lawsuit plaintiff has filed regarding her employment discrimination claim and the subsequent arbitration (collectively, the "three actions"). In the first lawsuit, the court found that the complaint was deficient, gave plaintiff thirty days to amend, and ultimately dismissed for failure to prosecute after plaintiff failed to amend. See Madison-Hamim v. Time Life Libraries, Inc., *et al.*, Case No. C03-335R (W.D. Wash. 2003). Plaintiff filed a second lawsuit against defendants in January 2004. See Madison-Hamim v. Time Life Libraries, Inc., *et al.*, Case No. C04-164R (W.D. Wash. 2004). On September 28, 2004, the court granted the Arbitration Defendants'[1] motion for summary judgment and subsequently granted the remaining

---

[1] The arbitration defendants are the parties who were involved with the arbitration of plaintiff's employment dispute, and they include the American Arbitration Association, William

ORDER OF DISMISSAL AND
ENJOINING FUTURE FILINGS - 1

defendants' motion to dismiss for insufficiency of service. In the current action, plaintiff alleges nearly identical causes of action as previously asserted.

By order dated June 17, 2005, the Court dismissed plaintiff's claims against the Arbitration Defendants with prejudice, finding that the claims were barred by the doctrine of *res judicata*. The Court also imposed sanctions for plaintiff's refiling of the claims despite the previous dismissal with prejudice, her refusal to dismiss them after counsel informed her that they were barred by *res judicata*, her harassing motive, and her continued wanton disregard of the court's orders and rules, all of which unreasonably multiplied the proceedings, imposed additional costs on defendants, and wasted judicial resources. Plaintiff was ordered to show cause why a standing bar order should not be imposed against her for her litigation misconduct. The Court issued a second order to show cause on June 21, 2005, ordering plaintiff to show cause why her claims against the remaining defendants[2] should not be dismissed for her failure to serve them.

On July 11, 2005, plaintiff filed a "Complaint" that contains arguments regarding why a bar order should not be imposed. Plaintiff's "Complaint" notes her right to litigate and offers substantive arguments regarding the merits of her discrimination claim. Plaintiff also complains that no judge has considered the merits of her case, which is untrue, and ignores the fact that she has repeatedly failed to serve defendants. The civil rules, including those regarding service of process, are in place to ensure fairness and proper notice to all parties, and cannot simply be disregarded by plaintiffs.

Plaintiff has not shown cause why a standing bar order regarding the claims and

---

Slate II, and Mills Meyers Swartling P.S.C.

[2] The remaining defendants are Time Life, Time Life Music Books and Video, Patty Morgan, Susan Street, Brock Musgrave, Stephanie Rosenthall, David Birmingham, Robie Sokolowski, Jason Sunderland, Joel Hanson, Floyd Gossett, Santina Pado, Pelletier, Keith Berlin, Lisa Harold, Tracy DuVall, and Cora Sorenson.

ORDER OF DISMISSAL AND
ENJOINING FUTURE FILINGS - 2

defendants involved in this litigation should not be imposed.  Instead, her improperly titled "Complaint," filed without inclusion of the case number, disregards the Court's clear instructions to file a *response* to the order to show cause and is further evidence of her ongoing disregard for the rules of the court.  Plaintiff also failed to serve the summons and complaint in this action on the remaining defendants.

Having reviewed plaintiff's "Complaint" and for all of the reasons stated in this Court's Orders to Show Cause (dated June 17 and June 21, 2005), it is hereby ORDERED that:

(1) The Court DISMISSES this action against the remaining defendants without prejudice.  The Clerk of the Court is directed to enter judgment accordingly.

(2) Due to plaintiff's litigation misconduct, which includes frivolous filings motivated by an improper purpose of harassment, after today's date, any *pro se* complaint submitted for filing in this district in which Senoja Madison-Hamim is a named plaintiff or purports to act as party representative and in which she sues a defendant previously named in any one of the three actions, shall be subject to review by the Court prior to issuance of summons or service of process by the Court.  The following review provisions shall apply, except in cases where Senoja Madison-Hamim is represented by an attorney licensed to practice law in this district:

- The Court will review the complaint to determine whether good cause exists to permit the action to proceed in light of the claims raised therein and Senoja Madison-Hamim's past litigation abuses.  The filing shall be accompanied by a signed certification that all outstanding monetary sanctions have been satisfied.  In addition, the filing shall be accompanied by a second, signed statement with a separate paragraph regarding each named defendant.  Each separate paragraph shall provide the factual and legal base for the relevant claim, explain whether plaintiff has previously named that defendant in another lawsuit, and shall clearly state whether the prior claim(s) was dismissed with or without prejudice.  Plaintiff is hereby reminded that she cannot refile the same claims against the same defendants if those claims were dismissed with prejudice.  If plaintiff

ORDER OF DISMISSAL AND
ENJOINING FUTURE FILINGS - 3

does so, she must cite the prior action and specifically explain why the claim should not be dismissed based on the prior adjudication and show cause as to why sanctions should not be imposed for refiling the claims; otherwise, additional sanctions will be imposed. As to claims previously dismissed against any defendant without prejudice, plaintiff shall specifically state how she plans to effect service and, within the 120 days provided by Federal Rule of Civil Procedure 4(m), shall provide proof that she has served each defendant. Until plaintiff provides proof of proper service in any new action, she shall not file any motions or other requests for relief, except those related to service. Before service is effected, no defendant shall be required to answer any new complaint or motion unless ordered to do so by the Court.

- If the court determines that plaintiff has not complied with this order or that she has not shown cause to allow any new action to proceed, the action will be dismissed *sua sponte* without further notice. If the court also determines that sanctions are appropriate, those shall be imposed at the same time the action is dismissed. Senoja Madison-Hamim shall have an opportunity to explain why sanctions should not be imposed in a post-judgment motion for reconsideration filed within **ten (10)** days of the judgment.

DATED this 18th day of July, 2005.

Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL AND
ENJOINING FUTURE FILINGS - 4